**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MICHAEL KWASNIK and SHAVONIA HUTCHENS,**

        **Plaintiffs,**

**-vs-**                                                   **Case No. 6:08-cv-926-Orl-31KRS**

**CHARLEE FAMILY CARE SERVICES OF CENTRAL FLORIDA, INC.,**

        **Defendant.**

## ORDER

This cause came on for consideration without oral argument on the following motion:

> **MOTION:**   **MOTION FOR CLERK'S DEFAULT (Doc. No. 20)**
>
> **FILED:**     **September 12, 2008**
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

On August 13, 2008, Plaintiffs Michael Kwasnik and Shavonia Hutchens filed an Amended Complaint for overtime compensation, minimum wages, declaratory relief, and other relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). On August 20, 2008, Plaintiffs served a summons and copy of the Amended Complaint on Defendant Charlee Family Care Services of Central Florida, Inc., through personal service on its registered agent pursuant to Fed. Rule. Civ. P. 4(h)(1)(B) and Fla. Stat. § 48.081(3)(a). As of the date of this order, Defendant has not appeared, through counsel, to file an answer and the time for doing so has passed. Accordingly, entry of a default against Defendant is warranted.

It is **ORDERED** that the Clerk of Court shall enter a default against Defendant Charlee Family Care Services of Central Florida, Inc.

It is further **ORDERED** that, on or before October 30, 2008, Plaintiffs shall file a motion for default judgment supported by a memorandum of law establishing by citation to the well-pleaded allegations of the complaint that Defendant is liable. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."). The motion shall also be supported by evidence of damages suffered. *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999)("Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default.").

The FLSA mandates that in any action brought by an employee to enforce § 206 or § 207 of the Act, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorneys' fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Plaintiffs "'bear[] the burden of establishing entitlement and documenting the appropriate hours and hourly rates.'" *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999)(quoting *Norman v. Hous. Auth.*, 836 F.2d 1292, 1303 (11th Cir. 1988)).

Thus, in its motion for default judgment, Plaintiffs must produce satisfactory evidence that establishes the requested rate for its counsel is within the prevailing market rates and supports the number of hours worked and the rate sought. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "[F]ee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the

district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303.  Fee counsel may not simply aver that a particular hourly rate is reasonable, but must offer independent evidence of the type required by *Norman* and *Hensley* to support the reasonableness of this hourly rate.  Failure to file the motion for default judgment within the time required by this order may result in sanctions, including dismissal of the case.  *See* Fed. R. Civ. P. 16(f).  The evidence in support of the request for an award of attorney's fees must state with specificity the individual(s) who performed the work and the individual(s)'s background and experience.

      Finally, a request for an award of costs must be supported by evidence of the costs actually incurred and paid.

      **DONE** and **ORDERED** in Orlando, Florida on September 16, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE