**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MICHAEL KWASNIK and SHAVONIA HUTCHENS,**

        **Plaintiffs,**

-vs-                                                      **Case No. 6:08-cv-926-Orl-31KRS**

**CHARLEE FAMILY CARE SERVICES OF CENTRAL FLORIDA, INC.,**

        **Defendant.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR DEFAULT FINAL JUDGMENT (Doc. No. 23)** |
| **FILED:** | **October 30, 2008** |

On June 9, 2008, Michael Kwasnik filed a complaint against Defendant Charlee Family Care Services of Central Florida, Inc. ("Charlee"), Doc. No. 1, and a consent to join by Shavonia Hutchens. Doc. No. 2. After Charlee failed to respond to the complaint, Kwasnik moved for the entry of a clerk's default. Doc. No. 12. This Court denied his motion for numerous deficiencies in the motion, complaint, and notice of consent to join. *See* Doc. No. 14.

On August 13, 2008, Michael Kwasnik and Shavonia Hutchens filed an amended complaint against Charlee. They alleged that Charlee failed to pay them a minimum wage and overtime compensation due under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, and minimum wages due under the Florida minimum wage law. Doc. No. 16. They also sought liquidated damages,

attorney's fees, and costs. *Id.* Plaintiffs' complaint alleges that each Plaintiff was a salaried employee of Charlee. *Id.* at 1 ¶¶ 1-2.[1]

The amended complaint was served on Charlee on August 20, 2008. Doc. No. 19. Charlee failed to respond as required by law. *See* Doc. No. 20. Thereafter, pursuant to this Court's order, the Clerk of Court entered a default against Charlee. Doc. Nos. 21-22.

Pursuant to the entry of default, Plaintiffs filed the instant Motion for Entry of Default Final Judgment. Doc. No. 23. In support of the motion, Plaintiffs filed the Declaration of Michael Kwasnik ("Kwasnik Decl."), Doc. No. 23-2 at 2-3, the Declaration of Shavonia Hutchens ("Hutchens Decl."), Doc. No. 23-2 at 4-5, and an Affidavit for Reasonable Attorneys' Fees signed by C. Ryan Morgan ("Morgan Aff.") with an exhibit, Doc. No. 23-3.

Kwasnik's declaration makes contradictory and confusing averments concerning his pay. He avers he was an hourly employee, not a salaried employee as the amended complaint alleged, and that Charlee paid him $6.79 per hour for 78 hours per week from July 1, 2007 through February 15, 2008. Kawsnik Decl. at 2-3. However, in his calculation of the overtime compensation due Kwasnik avers that he was paid $266.81 per week, which would equate to an hourly rate of $6.67 per hour for a 40 hour work week (40 hours/$6.67). He offers no explanation for this discrepancy. *Id.* at 3. Kwasnik does not aver that Charlee failed to pay him for any work, only that it "failed to provide [him] with time and a half compensation" during his employment. *Id.* Because either hourly rate Kwasnik cites is above the federal minimum wage for the time at issue, it is equally unclear why Kwasnik's

---

[1] The amended complaint uses inconsistent paragraph numbering, so each citation in this section refers to the page and paragraph number.

complaint alleging a minimum wage violation of the FLSA is supported by a reasonable inquiry into the facts required by Fed. R. Civ. P. 11.

Similarly, Hutchens avers she was an hourly employee, not a salaried employee as the amended complaint alleged, and that she was paid $6.79 per hour for the period of her employment from August 2007 through May 2008. She avers that she worked 12 hours per day, six days a week during her employment, yet her calculation of the amount due confusingly refers to 80 hours per week, and, apparently, 64 hours of overtime. She also includes the confusing parenthetical "(min wage)" after the calculation of the compensation due to her. Hutchens Decl. at 4. Hutchens does not aver that Charlee failed to pay her for any work, only that it "failed to provide [her] with time and a half compensation" during her employment. Doc. No. 23-2 at 5. Once again, because Hutchens' hourly rate exceeds the federal minimum wage for the period in question, it is unclear why Kwasnik's complaint alleging a minimum wage violation of the FLSA is supported by a reasonable inquiry into the facts required by Fed. R. Civ. P. 11.[2]

With respect to the Florida minimum wage claim, I note that the 2007 Florida minimum wage was $6.67 per hour and the 2008 Florida minimum wage was $6.79 per hour. Fla. Dept' of Labor, Agency for Workforce Innovation, Florida's Minimum Wage, http://www.floridajobs.org/workforce/ fl_min_wage.html (last visited Nov. 3, 2008). As such, Hutchens averments establish that there is also no factual basis for her claim of violation of the Florida minimum wage law. As to Kwasnik, the conflicting averments regarding his hourly rate also undermine his Florida minimum wage claim.

---

[2] If Plaintiffs do not intend to proceed on the minimum wage causes of action, it would be appropriate to move to dismiss those causes of action.

In addition, the Court notes Attorney Morgan's Affidavit for Reasonable Attorneys' Fees is deficient. Morgan has been licensed in Florida since 2005. He attests that a reasonable rate for an attorney with his experience is $300.00 per hour, Morgan Aff. ¶ 4, and submits that the Court has previously approved this amount. However, the case cited by Morgan was an approval of a settlement, not a determination of a reasonable hourly rate for Morgan. *See id.* ¶ 4. The Court is recognized as an expert in reasonable hourly rates in the community, *see Norman v. Housing Authority*, 836 F.3d 1292, 1303 (11th Cir. 1988), and notes that $300.00 is not a reasonable hourly rate in central Florida for an attorney with three years of experience. Moreover, this Court has previously determined that a reasonable rate for Morgan is $145.00 per hour. *E.g.*, *Girke v. Camillo Home Builders of Orlando, LLC*, No. 6:08-cv-461-Orl-28KRS, 2008 WL 2700014, at *1, 5 (M.D. Fla., Jul. 9, 2008).

Morgan also seeks $95.00 per hour for paralegal Claudia Silva, who has eight years of paralegal experience. Morgan Aff. ¶ 5. However, he offers no independent evidence of the type required by *Norman* to support the reasonableness of this hourly rate. This Court has previously found the reasonable rate for Silva's work to be $50.00 per hour. *E.g.*, *Girke v. Camillo Home Builders of Orlando, LLC*, No. 6:08-cv-461-Orl-28KRS, 2008 WL 2700014, at *1, 5 (M.D. Fla., Jul. 9, 2008). Further, I note that there is no indication on the time sheet or in Morgan's affidavit that Silva performed any of the work; the handwritten notation "paralegal" on the time sheet is insufficient to establish the individual who performed the work.

Finally, Morgan's affidavit includes numerous time sheet entries related to the deficient filings described in this Court's earlier order, *see* Doc. No. 14, and the time required to correct those filings.

*E.g.*, Doc. No. 16 (Amended Compl.). Morgan does not explain how it is reasonable to award attorneys' fees for work that was found by the Court to be deficient.

Accordingly, the Motion for Default Final Judgment is **DENIED without prejudice**. Should Plaintiffs refile a motion for default final judgment, the affidavits should include clear, concise averments of (1) the dates of employment; (2) the hourly rate for each period within the two or three years period preceding the filing of the complaint; (3) the number of hours worked during each workweek at issue, supported by time records or other documents if any are within the possession, custody or control of either Plaintiff; (4) the payment received during each work week; and (5) the calculation of any unpaid compensation.[3]

As discussed above, the evidence in support of the motion for an award of attorneys' fees and costs must be in the form required by *Norman*, including a time sheet reflecting the individual who performed the work, and a memorandum of law addressing the reasonableness of the attorney's fees sought. Finally, a request for an award of costs must be supported by evidence of the costs actually incurred and a memorandum of law showing that the costs sought are taxable.

It is **ORDERED** that any renewed motion for default judgment shall be filed on or before December 1, 2008.

**DONE** and **ORDERED** in Orlando, Florida on November 4, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

---

[3] One example of a clear calculation narrative is available in the sample complaint at 2A West's Fed. Forms, Dist. Courts-Civil § 1679 (5th ed.) ¶¶ 8, 10.