**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MICHAEL KWASNIK and SHAVONIA HUTCHENS,**

            **Plaintiffs,**

-vs-                                 Case No. 6:08-cv-926-Orl-31KRS

**CHARLEE FAMILY CARE SERVICES OF CENTRAL FLORIDA, INC.,**

            **Defendant.**

_____

## ORDER AND NOTICE OF HEARING

**TAKE NOTICE** that an evidentiary hearing on Plaintiff's Renewed Motion for Entry of Default Final Judgment, doc. no. 25, will be held before the undersigned on **TUESDAY, JANUARY 6, 2009** at **10:00 A.M.** in Courtroom #5D, U.S. Courthouse, 401 W. Central Boulevard, Orlando, Florida.

In their initial declarations, Plaintiff Kwasnik and Plaintiff Hutchens each averred that they were paid an hourly rate of $6.79 per hour. Kwasnik averred that he worked 78 hours per week, and Hutchens averred that compensation was owed to her based on working 80 hours per week. Doc. No. 23-2 at 2, 4. Neither averred whether they were paid straight time for all hours worked. In the declaration submitted in support of the renewed motion, Kwasnik averred that he was paid a salary of $266.81 per week for 78 hours of work each week. In the declaration submitted in support of the renewed motion, Hutchens averred that she was paid a salary of $543.20 for each two-week period, and that she worked 72 hours per week. They argue that for purposes of the Fair Labor Standards Act (FLSA) this equates to a regular hourly rate of $3.42 per hour ($266.81/78) for Kwasnik and $3.77 per hour ($543.20/2 = $271.60 per week/72) for

Hutchens. Doc. No. 25-2 at 2, 4. Because the declarations are materially inconsistent regarding how Kwasnik and Hutchens were paid and the hours Hutchens worked per week, it is necessary to conduct an evidentiary hearing to determine which, if either, set of declarations is correct.

Assuming that the evidence establishes that Kwasnik and Hutchens were paid less than the FLSA or Florida minimum wage,[1] Hutchens calculations of the damages due to her are incorrect. In her second declaration, Hutchens calculates the straight time pay for 40 hours a week for the work performed from August 1, 2007 through December 31, 2007,[2] as $266.80 based on a rate of $6.67 per week, and computes the overtime rate as $10.00 per hour for an additional 38 hours of overtime each week. As noted above, Hutchens variously averred that she worked 72 or 80 hours per week – but 40 hours of straight time plus 38 hours of overtime equals 78 hours of work each week. Similarly, in her second declaration Hutchens calculates the straight time pay for 40 hours a week for the work performed from January 1, 2008 through May 1, 2008, as $271.60, and computes the overtime rate as $10.19 per hour for 38 hours of overtime per week – again a total of 78 hours of work each week rather than 72 or 80 hours of work.

Accordingly, it is **ORDERED** that Plaintiff Kwasnik and Plaintiff Hutchens shall appear personally to testify and present evidence of the actual hours they worked and the manner and amount that they were paid while employed by Defendant Charlee Family Care Services of Central

---

[1] The FLSA minimum wage was $5.15 per hour from January 1, 2007 through July 24, 2007, when it increased to $5.85 per hour. The FLSA minimum wage increased to $6.55 per hour on July 24, 2008. U.S. Dep't of Labor, Wage and Hour Division, http://www.dol.gov/esa/minwage/chart.htm (last visited Dec. 3, 2008). The Florida minimum wage was $6.67 per hour for January 1, 2007 through December 31, 2007. *See* State of Florida, Agency for Workforce Innovation, www.floridajobs.org/resources/Poster%20-%20FL%20MIN%20Wage%202007.doc (last visited Dec. 3, 2008). It increased to $6.79 per hour for January 1, 2008 through December 31, 2008. *Id.*, ww.floridajobs.org/workforce/fl_min_wage.html (last visited Dec. 3, 2008).

[2] In an apparent clerical error, the second declaration defines the first work period as August 1, 2007 through December 31, 2008.

Florida ("Charlee"). It is further **ORDERED** that Kwasnik and Hutchens shall bring with them to the hearing any paystubs, bank deposit records, calendars, diaries or other contemporaneous written evidence in their respective possession, custody or control to support the number of hours worked, the manner in which they were paid, and the payments they received from Charlee.

It is further **ORDERED** that C. Ryan Morgan, Esq., counsel of record for Plaintiffs, Claudia Silva, the paralegal who apparently prepared one or more of the declarations at issue, Richard Celler, Esq., the head of the division at Morgan & Morgan that handles FLSA cases, and any other individual who participated in gathering information in support of or preparing the declarations referred to above shall personally appear at the hearing to present testimony and otherwise explain the reasons for the conflicting averments in the declarations filed by Morgan. *See In re FLSA Cases*, No. 6:08-mc-49-Orl-UA-GJK, Doc. No. 24 at 9 (Report and Recommendation of Kelly, M.J.) (noting Attorney Celler is the head of the division at Morgan & Morgan that handles FLSA cases).

Attorney Morgan and Silva shall also be prepared to testify about the manner in which time was recorded in this case, and the changes in the time sheets submitted in support of the initial motion for default judgment and the time sheet submitted in support of the renewed motion for default judgment. *Compare* Doc. No. 23-4 at 2 (not disclosing the recorder or timekeeper for each entry) *with* Doc. No. 25-4 at 2 (disclosing a recorder and timekeeper for each entry). It is further **ORDERED** that Attorney Morgan shall produce to the Court for *in camera* review at the hearing the complete record of time worked in this case as contemporaneously recorded.

It is further **ORDERED** that if any individual ordered to appear at the hearing requires an interpreter, Morgan & Morgan shall retain a qualified court interpreter to attend and translate the proceedings.

Finally, it is further **ORDERED** that Attorney Morgan shall promptly provide a copy of this Order and Notice of Hearing to Kwasnik, Hutchens, Silva and Celler and file a certificate of such service on or before December 19, 2008.

**Failure to appear in person at the hearing or to otherwise comply with the requirements of this Order and Notice of Hearing may result in the imposition of sanctions against the offending party, attorney or paralegal, including but not limited to dismissal of the action.** *See* **Fed. R. Civ. P. 16(f).**   T

**DONE** and **ORDERED** in Orlando, Florida on December 3, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Any Unrepresented Party

**PLEASE NOTE**:  **Photo I.D.** is required to enter the United States Courthouse.  Also, **cellular telephones** and **laptop computers** are prohibited in the Courthouse unless otherwise allowed pursuant to order of the Court.